This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Tracey Craft-Glover, appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.
{¶ 2} On September 12, 2001, Appellant filed a complaint for divorce, claiming that a common law marriage had been created between herself and Appellee, Terry Glover. Appellee's answer denied the existence of a common law marriage. The matter went to trial and the magistrate held that no common law marriage existed. Appellant objected to the magistrate's decision and filed a transcript of the proceedings. The trial court upheld the magistrate's decision. It is from this decision that Appellant appeals.
{¶ 3} Appellant asserts one assignment of error:
{¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT APPELLANT HAD NOT ESTABLISHED THE EXISTENCE OF A COMMON-LAW MARRIAGE WHEN THE PARTIES RAISED A FAMILY AND BEHAVED AS A MARRIED COUPLE FOR MORE THAN 20 YEARS."
{¶ 5} In her assignment of error, Appellant asserts that the trial court abused its discretion in holding that Appellant had not established the existence of a common law marriage. We disagree.
{¶ 6} "When reviewing a trial court's adoption of a referee's report, the proper inquiry is whether the trial court abused its discretion in ruling on objections[.]" Rogers v. Rogers (1997), 9th Dist. No. 18280. An appellate court may reverse a trial court's determination only when it appears that the trial court's actions were arbitrary or unreasonable. Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 7} Ohio prohibited common law marriages occurring after October 10, 1991. R.C. 3505.12(B)(1). If a common law marriage occurred prior to that date, it continues to be valid unless terminated by death, divorce, dissolution of marriage, or annulment. R.C. 3105.12(B)(2). For Appellant to prove a common law marriage between herself and Appellee, she must establish that a common law marriage existed before October 10, 1991. SeeRogers. The elements of a common law marriage are: "(1) an agreement of marriage in praesenti; (2) cohabitation of the individuals as husband and wife; and (3) the treatment and reputation of the couple as husband and wife in the community and circle in which they reside." In re Estate of:Little (Nov. 17, 1999), 9th Dist. No. 19396, citing Nester v. Nester
(1984), 15 Ohio St.3d 143, 145. These elements must be demonstrated by clear and convincing evidence. In re Estate of: Little.
{¶ 8} "The in praesenti element requires a meeting of the minds between the parties to presently take each other as husband and wife."Rogers. Without this type of agreement there is no common law marriage, regardless of whether the couple openly cohabitate. Nester,15 Ohio St.3d at 146. An agreement to marry in praesenti may be proven by direct evidence, "or by proof of cohabitation, acts, declarations, and the conduct of the parties and their recognized status in the community in which they reside." Id.
{¶ 9} "Where there is no direct proof in reference to the formation of the contract of marriage in praesenti, testimony regarding cohabitation and community reputation tends to raise an inference of the marriage. This inference is given more or less strength according to the circumstances of the particular case. The inference is generally strengthened with the lapse of time during which the parties are living together and cohabitating as man and wife." Id.
{¶ 10} In the present case, Appellant testified that she and Appellee agreed to be married between the fall of 1981 and the beginning of 1982. Appellee testified that he and Appellant never agreed to be married. Given the conflicting direct evidence, the trial court must look to testimony regarding cohabitation and community reputation as evidence of, or lack thereof, an in praesenti agreement to marry. The parties do not dispute that they openly cohabitated for twenty one years.
{¶ 11} Appellant testified that Appellee gave her a ring which she wore on her left hand. Appellant further testified that Appellee gave her the ring so that everyone would know "that you are already taken." Appellant presented an Akron City Hospital delivery room consent form which Appellee had signed on the line marked "husband."
{¶ 12} Appellee testified that he gave Appellant jewelry, but nothing that was intended to be an engagement ring or wedding ring. Appellee also testified that he had to sign the pre-printed hospital form in order to be present in the delivery room. Appellee presented witnesses which testified that both Appellant and Appellee stated that the reason they did not want to be married was because they both had prior failed marriages. In addition, one of Appellee's witnesses testified that Appellant "made it quite clear that she was not his wife and that there ain't no wives on this couch and we were sitting on the couch together." Appellee presented evidence that when Appellant filed out a police report she was listed as single. In addition, Appellee presented Appellant's State Farm Life Insurance policy dated January 27, 1989, in which Appellee is listed as a "friend" as the beneficiary.
{¶ 13} Upon review of the record in this case, there is substantial evidence tending to show that there was no in praesenti agreement to marry. The trial court did not abuse its discretion in adopting the magistrate's decision which found there was no common law marriage between Appellant and Appellee. Appellant also argues in her brief that the trial court abused its discretion by considering a deposition attached to Appellee's response to Appellant's objections to the magistrate's decision. Considering the facts stated above from the trial transcript, whether or not the trial court considered the deposition is immaterial; there is still no establishment of an in praesenti agreement to marry. Appellant's assignment of error is overruled.
{¶ 14} Appellant's assignment of error is overruled and the decision of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
CARR, P.J. and WHITMORE, J. CONCUR.